```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 16-CIV-21031-SCOLA
                                    MAGISTRATE JUDGE P.A. WHITE
STEVEN MACIEJKA,                 :

        Plaintiff,               :   PRELIMINARY REPORT
                                     OF MAGISTRATE JUDGE
v.                               :

JABARIA WILLIAMS,                :

        Defendants.              :
_____
```

## Introduction

The plaintiff Steven Maciejka has filed a pro se civil rights action pursuant to 42 U.S.C. §1983. This cause is presently before the Court upon Plaintiff's Motion to Dismiss Certain Defendants (DE#43). In the motion, Plaintiff states that he wishes to voluntarily dismiss the claims against defendants Lazar Grubin, Shakita Wilcox, and John Doe #3, because they cannot be easily located for service of process. Plaintiff therefore requests that his claims against these defendants be dismissed in the interest of judicial economy.

## Discussion

Generally, a motion to voluntarily dismiss should be granted unless it would create "substantial prejudice to the defendant." Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578, 728 F.Supp. 1142, 1146 (D.N.J.1990). Although the decision to grant voluntary dismissal is at the discretion of the Court, it should "be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard P.C.B. Litig., 916 F.2d 829, 863 (3d Cir.1990); see also Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir.2002) ("motions for voluntarily dismissal should be freely granted unless the

1

non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit")(*citing* Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir.1990)).

Here, Plaintiff has sound reasons for dismissing his claims against the defendants at issue, and there is no discernable prejudice to them.  However, Plaintiff is hereby cautioned that the question of whether any future claims he might attempt to bring against these defendants might be barred on some legal basis, such as the statute of limitations or collateral estoppel, is beyond the scope of this report.  Therefore, Plaintiff dismisses his claims against these defendants at his peril.

## Conclusion

Based on the foregoing, it is recommended that Plaintiff's Motion to Dismiss Certain Defendants (DE#43) be GRANTED, and that Plaintiff's claim claims against defendants Lazar Grubin, Shakita Wilcox, and John Doe #3 be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.  Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

It is so recommended at Miami, Florida, this 19 day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Steven Joseph Maciejka
440 St. Charles Avenue
Merritt Island, FL 32953

Madeleine Mannello Scott
Office of the Attorney General
General Civil Litigation
110 SE 6th Street, 10th Floor (Civil)
Fort Lauderdale, FL 33301