United States District Court
for the
Southern District of Florida

| Steven Maciejka, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 16-21031-Civ-Scola |
| | ) |
| Jabaria Williams and others, | ) |
| Defendants. | ) |

**Order Adopting in Part Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On March 21, 2018, Judge White issued a report, recommending that the Defendants' motion to dismiss (ECF No. 66) be denied, and that upon a screening in accordance with 28 U.S.C. § 1915A, the Plaintiff's First Amendment free exercise claims be allowed to proceed and limited to a request for nominal damages, and that the Plaintiff's other claims be dismissed. (Report, ECF No. 68.) Judge White also recommended that the Plaintiff not be granted further leave to amend his complaint. The Plaintiff has not filed objections to the report, and the time to do so has long passed. Nevertheless, the Court must review Judge White's report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has considered Judge White's report, the record, and the relevant legal authorities. The Court **adopts in part** and **declines to adopt in part** Judge White's report (**ECF No. 68**). The Court **adopts** Judge White's recommendation as to the Defendants' motion to dismiss and hereby **denies** the Defendants' motion to dismiss (**ECF No. 66**).

The Court, however, **declines to adopt** the recommendations Judge White made pursuant to 28 U.S.C. § 1915A. Section 1915A allows courts to screen cases in which "a prisoner seeks redress against a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (finding § 1915A applicable where plaintiff was a prisoner who filed a complaint against government officers and employees). The statute defines the term "prisoner" in relevant part as "any person incarcerated or detained in any facility." *See* 28 U.S.C. § 1915A(c). The Plaintiff was not a prisoner when he

filed the present suit. Therefore, § 1915A does not apply. *See Olivas v. Nevada ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (holding that former prisoner who was not in custody when he filed suit was not subject to § 1915A screening provisions). *Cf. Schaller v. United States*, No. 3:10cv444/WS/EMT, 2011 WL 7052267, at *1 (N.D. Fla. Dec. 29 2011) (concluding that § 1915A provision applied notwithstanding release from custody because of the plaintiff's custodial status at the time of filing), *report and recommendation adopted by Schaller v. United States*, No. 3:10cv444–WS, 2012 WL 136007, at *1 (N.D. Fla. Jan. 17, 2012). Nor do the screening provisions of 28 U.S.C § 1915(e) apply since the Plaintiff is not proceeding *in forma pauperis* and paid the filing fee (ECF No. 22) upon Judge White's denial of his motion to proceed *in forma pauperis* (ECF No. 16). *Thompson*, 213 F. App'x at 942 ("Section 1915(e) applies only to plaintiffs who proceed *in forma pauperis*."). Given that the Defendants did not make arguments regarding the substance of the Plaintiff's claims in their motion to dismiss, the Court will allow all of the Plaintiff's claims to proceed as alleged in his latest complaint (ECF No. 65).

The Court is also aware of the Plaintiff's settlement offer. (Decl., ECF No. 70.) If the case is not going to be settled, the Defendants shall file an answer on or before **August 15, 2018**.

**Done and ordered**, at Miami, Florida, on July 26, 2018.

_____
Robert N. Scola, Jr.
United States District Judge