United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Steven Maciejka, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-21031-Civ-Scola |
| ) | |
| Jabaria Williams and others, ) | |
| Defendants. ) | |

### Order Administratively Closing Case Upon Notice Of Settlement

The parties have settled this action. (Motion to Stay, ECF No. 76.) By **October 26, 2018**, the Plaintiff must file a stipulation of dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or a motion to dismiss, consistent with Rule 41(a)(2). The Court will administratively close this case in the meantime.

If the Plaintiff files a stipulation of dismissal under Rule 41(a)(1)(A)(ii) and the parties wish to have this Court retain jurisdiction to enforce any settlement agreement, the stipulation of dismissal must include the following sentence: "The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement." This sentence is necessary because a stipulation of dismissal is otherwise self-executing and deprives the Court of jurisdiction to do anything further. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

The Court directs the Clerk to **close** this case. Any party may move to re-open the case if there is a problem in reaching a final settlement agreement. Any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on August 28, 2018.

_____
Robert N. Scola, Jr.
United States District Judge