United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Steven Maciejka, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-21031-Civ-Scola |
| | ) |
| Jabaria Williams and others, | ) |
| Defendants. | ) |

### **Order on Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On September 11, 2018, Judge White issued a report, recommending that the Court grant the Plaintiff's "Motion of Stipulation to Dismiss." (Report of Magistrate, ECF No. 79.) Judge White recommends that the Court grant the Plaintiff's motion and dismiss the case with prejudice upon receipt of the parties' joint notice of settlement. None of the parties have filed objections and the time to do so has passed.

Upon receiving notice that the parties had settled this matter, the Court ordered the Plaintiff to file either a stipulation of dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or a motion to dismiss, consistent with Rule 41(a)(2). (Order, ECF No. 77.) Given the title of the Plaintiff's filing, the Court must first determine whether the Plaintiff has submitted a stipulation of dismissal or a motion to dismiss because Rule 41 imposes different requirements for these submissions and each come with their own set of implications. Judge White does not make this determination, and instead states that it is unclear whether a stipulation of dismissal was filed in this case and whether the parties have submitted a proposed settlement agreement for the Court's review and approval.

The Plaintiff, who is proceeding *pro se,* refers to Rule 41(a)(1)(A)(ii), in his filing. This subsection of Rule 41 refers to stipulations of dismissal, which are self-executing and require a signature from all of the relevant parties. Although the Plaintiff's filing is entitled "Motion of *Stipulation* to Dismiss" and the Plaintiff stated that "this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction," the Plaintiff's filing is a *motion* requesting relief from the Court and was submitted by the Plaintiff without the Defendants' signatures. The filing also states that a condition of the parties'

settlement is that the Plaintiff must submit a motion to dismiss his claims with prejudice. These facts indicate that the Plaintiff's filing is a motion to dismiss under Rule 41(a)(2).

Rule 41(a)(2) allows the Court to dismiss this case "on terms that [it] considers proper." The Court need not review the parties' settlement to make a ruling on the Plaintiff's motion given the nature of this case, nor have the parties asked the Court to approve their settlement. The Court declines to adopt Judge White's report to the extent he has imposed such requirements.

The Plaintiff's motion asks the Court to retain jurisdiction to enforce the terms of the parties' settlement agreement. The Defendants have not indicated that they oppose this request. Judge White recommended that the Court retain jurisdiction and dismiss the case with prejudice "once the parties jointly submit their notice of settlement" as required by Local Rule 16.4 and ordered the parties to file their notice of settlement "within 30 days from the entry" of the Court's order adopting his report. (Report, ECF No. 79 at 2.)

The Court disagrees with Judge White that a separate notice of settlement is necessary under the circumstances. The parties communicated to the Court that they had reached a settlement in their agreed motion to stay. (Motion, ECF No. 76.) This motion served as a notice of settlement. Accordingly, the parties need not file anything additional to effectuate a dismissal in this case and the Court declines to adopt Judge White's report to the extent it requires the parties to file a separate notice of settlement. As for the Plaintiff's request that the Court retain jurisdiction to enforce the terms of the parties' settlement, the Court finds that it has the discretion to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2) . . . the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.")

Accordingly, upon review of Judge White's report, the Plaintiff's motion, the record, and the relevant legal authorities, the Court **adopts in part** and **declines to adopt in part** Judge White's report (**ECF No. 79**), **grants** the Plaintiff's motion (**ECF No. 78**), and **dismisses** this case **with prejudice**. The Court reserves jurisdiction to enforce the parties' settlement agreement.

**Done and ordered**, at Miami, Florida, on October 3, 2018.

Robert N. Scola, Jr.
United States District Judge